MICHAEL K. JEANES
Clerk of the Superior Court
By Darlene Lopez, Deputy
Date 12/12/2016 Time 14:08:43
Description                    Amount
-------- CASE# CV2016-055026 --------
CIVIL NEW COMPLAINT             319.00
----------------------------------------
TOTAL AMOUNT                    319.00
          Receipt# 25629130

1  Joshua W. Carden, SBN 021698
2  JOSHUA CARDEN LAW FIRM, P.C.
   16427 North Scottsdale Road, Suite 410
3  Scottsdale, AZ 85254
   joshua@cardenlawfirm.com
4  (480) 454-1100
5  (480) 454-1101 (fax)
   *Attorney for Plaintiff*

6

7                         STATE OF ARIZONA

8                MARICOPA COUNTY SUPERIOR COURT

9  ROBERT LOWE
                                    CASE NO.  CV2016-055026
10        Plaintiff,
11  v.                             **ORIGINAL COMPLAINT**

12  ROSENDIN ELECTRIC, INC. and M.A.
    MORTENSON COMPANY,
13
14        Defendants.

15  ─────────────────────────────────────

16      Plaintiff Robert Lowe, by and through undersigned counsel, for his Complaint against Defendants

17  Rosendin Electric, Inc. and M.A. Mortenson Company alleges as follows:

18                          **NATURE OF THE CASE**

19      1.      Plaintiff Robert Lowe brings this action against Defendants for their wrongful termination

20  of Plaintiff in violation of the public policy of the State of Arizona as expressed in the Arizona Medical

21  Marijuana Act, A.R.S. § 36-2813(B).

22                          **THE PARTIES**

23      2.      Plaintiff Eileen Robert Lowe is a resident of Maricopa County, Arizona, and, at all relevant

24  times in this Complaint, an "employee" of Defendants for purposes of the Arizona Medical Marijuana

25  Act and the Arizona Civil Rights Act.

26      3.      Defendant Rosendin Electric, Inc. is a foreign corporation authorized to do business and

27  doing business in Arizona, and an "employer" of Plaintiff at all relevant times herein.

28      4.      Defendant M.A. Mortenson Company is a foreign corporation authorized to do business

                                    1



1  and doing business in Arizona, and an "employer" of Plaintiff at all relevant times herein.

2       5.     At all times pertinent to this Complaint, Defendants' management officials were acting

3  within the course and scope of their employment with Defendants; and as a result thereof, Defendants are

4  responsible and liability is imputed for the acts and omissions of their management officials, as alleged

5  herein, under the principle of *respondeat superior*, agency, and/or other applicable law.

6  **JURISDICTION AND VENUE**

7       6.     This Court has jurisdiction to hear and determine this action and to grant the relief

8  requested pursuant to article 6 § 14(1) of the Arizona Constitution. Venue is proper in this Court as all

9  acts alleged herein occurred in Maricopa County, Arizona.

10  **FACTUAL ALLEGATIONS**

11       7.     At all times relevant herein, Mr. Lowe possessed a valid Medical Marijuana Card from the

12  State of Arizona.

13       8.     Mr. Lowe is an electrician, affiliated with a union, and was working as an electrical foreman

14  in mid-2016 for Rosendin Electric, Inc. on the "Tilden Project," a large construction project in Arizona.

15       9.     Rosendin Electric was aware of Mr. Lowe's cardholder status.

16       10.     The work performed by Rosendin Electric on the Tilden was done under the supervision

17  and control of M.A. Mortenson.

18       11.     On or about July 12, 2016, Mr. Lowe was serving temporarily as a "spotter" for a forklift

19  operator (not his usual job).

20       12.     The forklift driver hit the corner of a switchboard scheduled for demolition, and dropped

21  the piece he was carrying on the forklift.

22       13.     Upon information and belief, M.A. Mortenson maintained a drug tester on-site.

23       14.     The forklift driver was drug tested on-site and returned to work.

24       15.     Mr. Lowe was also drug-tested on-site.

25       16.     He informed the tester that he was a medical marijuana cardholder and that he was likely

26  to test positive for THC because of his medical marijuana usage.

27       17.     Importantly, Mr. Lowe never used marijuana during work hours, brought marijuana to the

28  work premises, nor was impaired on the job.



18.    The tester confirmed that there was indeed THC in Mr. Lowe's system, and said he still had to forward the results on to a lab.

19.    The tester also said "hang on to your card, it will come up later in this process" or words to that effect.

20.    Pursuant to M.A. Mortenson policy, Mr. Lowe was sent home for the day for the "positive" drug test, despite his medical marijuana card.

21.    Over a week later, Mr. Lowe had still heard nothing.

22.    He went through his union representative to contact M.A. Mortenson's designated medical review officer Dennis Thrasher in Tucson.

23.    Mr. Thrasher reiterated that Mr. Lowe had tested positive for THC.

24.    When Mr. Lowe again brought up his cardholder status and valid use of medical marijuana in Arizona, Mr. Thrasher was uninterested and said it didn't matter in this case.

25.    Two days later, Mr. Lowe learned by a Rosendin employee that he had been banned from the Tilden Project by M.A. Mortenson entirely.

26.    He was forced to take a "small projects" position with Rosendin which cost him significantly in both his compensation rate and potential for overtime.

27.    When he asked Rosendin Electric about the issue, Rosendin informed him that he was banned by M.A. Mortenson.

28.    However, in pre-suit communications with M.A. Mortenson, that company claimed it was Rosendin who was responsible for terminating Mr. Lowe from the project.

29.    Without the ability to make a final determination prior to filing suit, Mr. Lowe has named both companies as Defendants.

30.    Prior to filing this suit, Mr. Lowe, through counsel, protested his termination to M.A. Mortenson in writing dated August 11, 2016, and informed M.A. Mortenson about Arizona's law protecting medical marijuana cardholders.

31.    On September 9, 2016, Rosendin terminated Mr. Lowe's employment entirely.

32.    All conditions precedent necessary to the filing of this lawsuit have been performed or have occurred.



1                  **COUNT ONE - WRONGFUL TERMINATION UNDER AMMA**

2          33.      By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

3          34.      Plaintiff's positive test for THC is presumptively valid as he is a medical marijuana

4   cardholder. A.R.S. § 36-2811.

5          35.      Under the Arizona Medical Marijuana Act, the public policy of the State of Arizona makes

6   it unlawful for Defendants to: "discriminate against a person in hiring, termination or imposing any term

7   or condition of employment or otherwise penalize a person based upon either: 1. The person's status as a

8   cardholder. 2. A registered qualifying patient's positive drug test for marijuana components or

9   metabolites, unless the patient used, possessed or was impaired by marijuana on the premises of the place

10  of employment or during the hours of employment." A.R.S. § 36-2813(B).

11         36.      Both Rosendin Electric and M.A. Mortenson exercised sufficient control over Plaintiff to

12  qualify as Plaintiff's "employer" within the meaning of A.R.S. § 36-2813.

13         37.      In July/August 2016, Defendants wrongfully terminated and/or discriminated against

14  Plaintiff in violation of this statute, and thus violated A.R.S. § 23-1501.

15         38.      Defendants' conduct is the direct and proximate cause of Plaintiff's damages.

16         39.      Defendants' conduct harmed Plaintiff and was malicious, oppressive or in reckless

17  disregard of his rights.

18         40.      Defendants are therefore liable to Plaintiff for punitive damages.

19                   **COUNT TWO - RETALIATORY DISCHARGE**

20         41.      By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

21         42.      Defendants terminated Plaintiff's employment for Plaintiff's disclosure in a reasonable

22  manner that he had information or a reasonable belief that Defendants, or one of their agents, had violated,

23  is violating or will violate a statute of this state, to either Defendants or a representative of the Defendants

24  who the Plaintiff reasonably believed was in a managerial or supervisory position and had the authority to

25  investigate the information provided by Plaintiff and to take action to prevent further violations of a statute

26  of this state. A.R.S. § 23-1501(c)(ii)

27         43.      Plaintiff disclosed his belief that Defendants had violated A.R.S. § 36-2813 to M.A.

28  Mortenson by letter on or about August 11, 2016.

                                                    4

1    44.    Plaintiff was terminated on September 9, 2016.

2    45.    Upon information and belief, M.A. Mortenson communicated the disclosure to Rosendin
3    Electric.

4    46.    Upon information and belief, M.A. Mortenson and/or Rosendin used the disclosure in
5    deciding whether to terminate Plaintiff.

6    47.    Defendants' conduct is the direct and proximate cause of Plaintiff's damages.

7    48.    Defendants' conduct harmed Plaintiff and was malicious, oppressive or in reckless
8    disregard of his rights.

9    49.    Defendants are therefore liable to Plaintiff for punitive damages.

10                              **DEMAND FOR JURY TRIAL**

11    50.    Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

12                              **RELIEF REQUESTED**

13    Plaintiff prays:

14    A. For the Court to declare and find that the Defendants willfully violated A.R.S. § 23-1501 by
15       terminating Plaintiff for either his status as a cardholder or the positive drug test without a showing
16       of impairment or other violation against the public policy of this state expressed in A.R.S. § 36-
17       2813(B);

18    B. For the Court to declare and find that the Defendants discharged Plaintiff in retaliation for his
19       disclosure of his reasonable belief that Defendants had violated A.R.S. § 36-2813;

20    C. For compensatory and punitive damages, to be determined at trial;

21    D. For costs and attorney's fees as allowed by law; and

22    E. For the Court to award such other monetary, equitable, and declaratory relief as the Court deems
23       just and proper.

24    Respectfully submitted on this 12th day of December, 2016,

25                              JOSHUA CARDEN LAW FIRM, P.C.

26
                              By: /s/Joshua W. Carden
27                              Joshua W. Carden
                              *Attorneys for Plaintiff*
28                              *Robert Lowe*

                                      5



1 | ORIGINAL of the foregoing filed on this 12th day of December, 2016, with:

2 | Clerk of the Court
3 | Maricopa County Superior Court

4 |
5 | /s/ Joshua W. Carden

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



MICHAEL K. JEANES, CLERK
BY
⟨O⟩ dopez
DEP
D. LOPEZ. FILED

**16 DEC 12 PH 2: 10**

1   Joshua W. Carden, SBN 021698
2   JOSHUA CARDEN LAW FIRM, P.C.
    16427 North Scottsdale Road, Suite 410
3   Scottsdale, AZ 85254
    joshua@cardenlawfirm.com
4   (480) 454-1100
5   (480) 454-1101 (fax)
    *Attorney for Plaintiff*
6

7                        STATE OF ARIZONA

8              MARICOPA COUNTY SUPERIOR COURT

9   ROBERT LOWE

10         Plaintiff,                CASE NO. ___CV2016-055026___

11  v.                               **CERTIFICATE OF COMPULSORY**
                                     **ARBITRATION**
12  ROSENDIN ELECTRIC, INC. and M.A.
13  MORTENSON COMPANY,

14         Defendants.

15

16         The undersigned certifies that he knows the dollar limits and any other limitations set forth by the

17  local rules of practice for the applicable superior court, and further certifies that this case IS NOT subject

18  to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

19         Respectfully submitted on this 12th day of December, 2016,

20                                     JOSHUA CARDEN LAW FIRM, P.C.

21
                                       By: /s/Joshua W. Carden
22                                     Joshua W. Carden
                                       *Attorneys for Plaintiff Robert Lowe*
23

24  ORIGINAL of the foregoing filed on this 12th day of December, 2016, with:
25
26  Clerk of the Court
    Maricopa County Superior Court
27

28



                                        1

**In the Superior Court of the State of Arizona**

In and For the County of ...

DEC 1 2 2016

FILED
MICHAEL K. JEANES, Clerk
2:06pm
By D. Lopez, Deputy

## CV2016-055026

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Is Interpreter Needed? ☐ Yes ☒ No
If yes, what language:

To the best of my knowledge, all information is true and correct.

*Joshua W. Carden*

**Attorney/Pro Per Signature**
(If no attorney, YOUR signature)

Plaintiff's Attorney  Joshua W. Carden

Attorney Bar Number  021698

Plaintiff's Name(s):  (List all)
Robert Lowe

Plaintiff's Address:
c/o Joshua Carden Law Firm, P.C.

16427 N. Scottsdale Rd., Ste. 410

Scottsdale, AZ 85254

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)     M.A. Mortenson Company

Rosendin Electric, Inc., and

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:  ☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC
☐ Election Challenge     ☐ Employer Sanction     ☐ Other _____
(Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER RULE 8.1. Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐101 Non-Death/Personal Injury
☐102 Property Damage
☐103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐111 Negligence
☐112 Product Liability – Asbestos
☐112 Product Liability – Tobacco
☐112 Product Liability – Toxic/Other
☐113 Intentional Tort
☐114 Property Damage

☐115 Legal Malpractice
☐115 Malpractice – Other professional
☐117 Premises Liability
☐118 Slander/Libel/Defamation
☐116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐121 Physician M.D.     ☐123 Hospital
☐122 Physician D.O.     ☐124 Other

Case No._____

## 130 CONTRACTS:

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Sexually Violent Person (A.R.S. §36-3704)
  (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)
- ☐ 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 159 Restoration of Civil Rights (Federal)
- ☐ 159 Clearance of Records (A.R.S. §13-4051)
- ☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☒ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____

MICHAEL K. JEANES, CLERK
BY                  DEP
D. LOPEZ, FILED

16 DEC 12 PH 2: 10

1  Joshua W. Carden, SBN 021698
2  JOSHUA CARDEN LAW FIRM, P.C.
   16427 North Scottsdale Road, Suite 410
3  Scottsdale, AZ 85254
   joshua@cardenlawfirm.com
4  (480) 454-1100
5  (480) 454-1101 (fax)
   *Attorney for Plaintiff*

6

7                        STATE OF ARIZONA

8              MARICOPA COUNTY SUPERIOR COURT

9  ROBERT LOWE

10         Plaintiff,          | CASE NO.  CV2016-055026

11 v.                          | **JURY DEMAND**

12 ROSENDIN ELECTRIC, INC. and M.A.
13 MORTENSON COMPANY,

14         Defendants.

15

16     Plaintiff Robert Lowe, pursuant to Ariz. R. Civ. P. 38, hereby demands a trial by jury in this action.

17     Respectfully submitted on this 12th day of December, 2016,

18                              JOSHUA CARDEN LAW FIRM, P.C.

19                              By: /s/Joshua W. Carden
20                              Joshua W. Carden
21                              *Attorneys for Plaintiff Robert Lowe*

22
   ORIGINAL of the foregoing filed on this 12th day of December, 2016, with:
23

24 Clerk of the Court
   Maricopa County Superior Court
25

26

27

28



                              1



## WAIVER OF SERVICE

TO: Joshua W. Carden, Plaintiff's Attorney

I acknowledge receipt of your request that I waive service of a summons in the action of Lowe v. Rosendin Electric, Inc. and M.A. Mortenson Company, which is case number CV2016-055026 in the Superior Court of the State of Arizona in and for the County of Maricopa. I also have received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after **December 16, 2016.**

Dated this _18_ day of _January_, _2017_.

Shawn Oll

_____
Signature

Shawn Ollee, Littler Mendelson

_____
Printed name, and title

On behalf of M.A. Mortenson Company

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and a pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE

TO: Joshua W. Carden, Plaintiff's Attorney

I acknowledge receipt of your request that I waive service of a summons in the action of Lowe v. Rosendin Electric, Inc. and M.A. Mortenson Company, which is case number CV2016-055026 in the Superior Court of the State of Arizona in and for the County of Maricopa. I also have received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after **December 16, 2016.**

Dated this 10th day of January, 2017.

Signature

Peter Hering, Attorney, Rutan & Tucker
Printed name, and title

On behalf of Rosendin Electric, Inc.

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and a pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
E. Hailes, Deputy
1/18/2017 11:45:00 AM
Filing ID 8026935

1  Joshua W. Carden, SBN 021698
2  JOSHUA CARDEN LAW FIRM, P.C.
   16427 North Scottsdale Road, Suite 410
3  Scottsdale, AZ 85254
   joshua@cardenlawfirm.com
4  (480) 454-1100
5  (480) 454-1101 (fax)
   *Attorney for Plaintiff*
6
7                        STATE OF ARIZONA
8              MARICOPA COUNTY SUPERIOR COURT
9  ROBERT LOWE
10         Plaintiff,                CASE NO. **CV2016-055026**
11  v.                               **NOTICE OF FILING WAIVERS OF
12  ROSENDIN ELECTRIC, INC. and M.A.   SERVICE**
    MORTENSON COMPANY,
13
14         Defendants.
15

16      Plaintiff William J. Granata, by and through undersigned counsel, hereby provides notice that

17  Defendants Rosendin Electric, Inc. and M.A. Mortenson Company have executed the attached waivers of

18  service of the Complaint mailed to those Defendants on December 16, 2016.

19      Respectfully submitted on this 18th day of January, 2017,

20                                JOSHUA CARDEN LAW FIRM, P.C.
21
                                  By: /s/Joshua W. Carden
22                                Joshua W. Carden
                                  *Attorneys for Plaintiff*
23                                *Robert Lowe*
24
    ORIGINAL of the foregoing filed on this 18th day of January, 2017, with:
25
26  Clerk of the Court
    Maricopa County Superior Court
27
28  /s/ Joshua W. Carden



                                    1

# CLERK OF THE COURT
# SUPERIOR COURT OF ARIZONA

**MARICOPA COUNTY**
**CUSTOMER SERVICES CENTER**
**601 West Jackson**
**Phoenix, Arizona 85003**

Michael K. Jeanes
Clerk

(602) 372-5375
Fax - (602) 506-7684

STATE OF ARIZONA        )                                    CV2016-055026
                        ) ss.
COUNTY OF MARICOPA      )

I, MICHAEL K. JEANES, Clerk of the Superior Court, in and for Maricopa County, State of Arizona hereby certify that I have compared the foregoing copies with the original documents on file in CV2016-055026 in this office:

| | | |
|---|---|---|
| ORIGINAL COMPLAINT | FILED | 12/12/2016 |
| CERTIFICATE OF COMPULSORY ARBITRATION | FILED | 12/12/2016 |
| COVERSHEET | FILED | 12/12/2016 |
| JURY DEMAND | FILED | 12/12/2016 |
| NOTICE OF FILING WAIVERS OF SERVICE | Filed | 1/18/2017 |

and that same are true copies of the originals, and of the whole thereof. That once stapled together, the certification is no longer valid if the documents are later unstapled or otherwise separated for copying or for any other reason.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Seal of said Court, this date: February 9, 2017.

MICHAEL K. JEANES, Clerk of the Superior Court

By:_____
KKEE, Deputy Clerk

*Visit us at our website: www.clerkofcourt.maricopa.gov*

## **Verification**

I, Gary Dukarich, am counsel for the Defendant/Removing Party Rosendin Electric, Inc. in the present action. I have read and reviewed in their entirety the foregoing pleadings and other documents previously filed with the Maricopa County Superior Court. The information set forth therein constitutes all pleadings and other documents previously filed in the state court proceeding and are true and correct to the best of my knowledge and belief.

Pursuant to the Rules of Practice of the U.S. District Court for the District of Arizona 3.6(b), I swear under penalty of perjury that the foregoing is true and correct.

Dated the 14th day of February, 2017

/s/ Gary Dukarich
Gary Dukarich

-1-